United States District Court
Southern District of Texas
**ENTERED**
October 21, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ELIM ABNER GONZALEZ-HERRERA, "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00473 |
| FRANCISCO VENEGAS, *et al.*, *in their official capacities,* "Respondents." | § | |
| | § | |

**ORDER**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Petitioner's "Motion for Temporary Restraining Order or Preliminary Injunction" (Dkt. No. 2) ("MTRO"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 6) ("MSJ"), and Petitioner's "Response to Motion for Summary Judgment" (Dkt. No. 7) ("Reply"). For these reasons, the Petition (Dkt. No. 1) is **DENIED.**

## I. BACKGROUND

Petitioner is a Venezuelan citizen and national, who has been detained at the El Valle Detention Facility since April 15, 2026. Dkt. No. 1 at 5-6. Petitioner is presently in removal proceedings, with an appeal pending before the Board of Immigration Appeals ("BIA") since January 2, 2025. *Id.*

The Petition challenges mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)(A)") on statutory and constitutional grounds. Dkt. No. 1 at 7.

## II. DISCUSSION

Petitioner is permissibly detained under § 1225(b)(2)(A)[1], *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and his constitutional claims are not viable at this stage.

[1] Petitioner's statutory theory regarding the class action in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fails because it is based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez. See Maldonado Bautista*, 2025 WL 3713987, Mar. 31, 2026) at *8-12, *appeal pending sub nom. Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044 (9th Cir. (granting a stay of the declaratory judgment insofar as it extends beyond the Central District of California).

Detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although the *Demore* Court recognized the possibility of circumstances where such detention could become constitutionally suspect, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), the Petition does not raise any such issues. *See generally* Dkt. No. 1. The Court acknowledges that Respondents initiated removal proceedings against Petitioner in 2021, *see* Dkt. No. 6-1, and that Petitioner's appeal before the BIA has remained pending for more than a year, Dkt. No. 6 at 2. *See also* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited October 20, 2026). But the duration of removal proceedings does not reflect the duration of Petitioner's detention, which began on April 15, 2026. Dkt. No. 1 at 5. As pleaded, the Court finds Petitioner's current detention commensurate with the constitutionally permissible purpose of facilitating deportation. *See Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

## III. CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **DENIED.** Respondents' MSJ (Dkt. No. 6) and Petitioner's MTRO (Dkt. No. 2) are **DENIED as moot**. The Clerk of Court is **DIRECTED** to close this case.

Signed on this 21st day of October 2026.

Rolando Olvera
United States District Judge